[No. E052011. Fourth Dist., Div. Two. Sept. 12, 2011.]

KENNETH B. ROBINSON et al., Plaintiffs and Appellants, v. COUNTRYWIDE HOME LOANS, INC., et al., Defendants and Respondents.

**COUNSEL**

Gersten Law Group and Ehud Gersten for Plaintiffs and Appellants.

Severson & Werson, Marlene Camacho Nowlin, Hassan Elrakabawy, Jan T. Chilton and Sanford P. Shatz for Defendants and Respondents.

**OPINION**

**McKINSTER, J.**—Plaintiffs and appellants Kenneth B. and Maria Robinson (plaintiffs) appeal from a judgment following the trial court's order sustaining, without leave to amend, a demurrer filed by defendants and respondents Countrywide Home Loans, Inc. (Countrywide), and Mortgage Electronic Registration Systems, Inc. (MERS).[1] We conclude that the trial court properly sustained the demurrer without leave to amend.

## PROCEDURAL HISTORY

On or about June 1, 2010, plaintiffs filed a second amended complaint, alleging wrongful initiation of foreclosure (first cause of action), violation of Civil Code section 2943, subdivision (b)(1) (fourth cause of action) and

---

[1] A third defendant, ReconTrust Company, N.A. (ReconTrust), did not demur. It appears that the action is still pending below as to it. This appeal is nevertheless cognizable because the judgment finally disposes of all issues between plaintiffs and Countrywide and MERS. (*Pangborn Plumbing Corp. v. Carruthers & Skiffington* (2002) 97 Cal.App.4th 1039, 1046 [119 Cal.Rptr.2d 416].)

unfair business practices (fifth cause of action). Plaintiffs also sought declaratory relief (second cause of action) and to quiet title (third cause of action).

Defendants Countrywide and MERS demurred to the first, second, third and fifth causes of action. On August 13, 2010, the court sustained the demurrer without leave to amend. On September 30, 2010, plaintiffs filed a request to dismiss the fourth cause of action only, without prejudice, and on September 30, 2010, the court entered judgment for Countrywide and MERS.

Plaintiffs filed a timely notice of appeal.

## FACTS

The following facts are alleged in plaintiffs' complaint:

In October 2007, plaintiffs borrowed $380,000 from lender SBMC Mortgage to finance the purchase of real estate. In connection with that transaction, they executed a promissory note, which was secured by a deed of trust. The deed of trust identifies SBMC Mortgage as the lender and identifies T.D. Service Company as the trustee. It identifies MERS as "acting solely as a nominee for Lender and Lender's successors and assigns," and states that "MERS is the beneficiary under this Security Instrument." The deed of trust further states that "Borrower [(i.e., plaintiffs)] understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property. . . ."

In December 2008 and January 2009, Countrywide, identifying itself as a debt collector and the servicer of the loan on the noteholder's behalf, notified plaintiffs that their loan was delinquent. Plaintiffs' attorney wrote to Countrywide requesting information concerning the loan, including a copy of the note, documents evidencing any sale, transfer, or assignment of the note, and a beneficiary statement and payoff demand statement pursuant to Civil Code section 2943. Countrywide requested more time to respond but did not provide the requested documents before notifying plaintiffs, on February 27, 2009, that their loan was in default and had been referred to Countrywide's foreclosure management committee for review. On February 11, 2009, however, ReconTrust, purporting to act as agent for the beneficiary of the deed of trust, had recorded a notice of default and election to sell the property under the deed of trust, stating that plaintiffs were in default and that the present beneficiary had elected to cause the property to be sold. Despite further requests, Countrywide failed to identify the current beneficiary on the note and deed of trust.

Plaintiffs alleged that their promissory note was "sold and resold" on the secondary mortgage market, and that as a result, it had become difficult or impossible to ascertain the actual owner of the beneficial interest in the note. They alleged that the identity of the person or entity that currently holds an ownership interest is unknown. They alleged that because Countrywide failed to comply with its statutory duty to provide them with the documents they requested, they did not know to whom they owed the obligation to repay the loan. They alleged on information and belief that "a person purporting to be the rightful current beneficiary, by virtue of a purported assignment from MERS," authorized an agent to cause the notice of default and election to sell to be recorded. They alleged on information and belief that SBMC did not assign the note to MERS and did not authorize MERS or any other person to assign the note to anyone on its behalf. They alleged on information and belief that the person or entity who directed the initiation of the foreclosure process was not the note's rightful owner and was acting without the rightful owner's authority.

## LEGAL ANALYSIS

### THE DEMURRER WAS PROPERLY SUSTAINED WITHOUT LEAVE TO AMEND

On appeal, plaintiffs challenge the order sustaining the demurrer with respect to the first and second causes of action only, for damages for wrongful initiation of foreclosure and for declaratory relief based on plaintiffs' interpretation of Civil Code section 2924, subdivision (a), respectively. (All further statutory citations refer to the Civil Code.)

On appeal from a dismissal following an order sustaining a demurrer, we determine independently whether the complaint states a cause of action as a matter of law. We assume the truth of all properly pleaded facts. (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650 [43 Cal.Rptr.3d 434].) If the demurrer was sustained without leave to amend, the burden is on the plaintiff to demonstrate that an amendment would cure the defect.[2] (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [6 Cal.Rptr.3d 457, 79 P.3d 569].)

Plaintiffs allege in their first and second causes of action that the entity which initiated foreclosure proceedings had no legal authority to do so because it was not either the current beneficiary of the deed of trust or the agent of the current beneficiary. Plaintiffs contend that section 2924,

[2] Here, plaintiffs did not seek leave to amend below and do not assert now that an amendment could cure the defect.

subdivision (a)(1)(C) "by necessary implication" provides that a borrower who is subject to foreclosure under a deed of trust may file an action to challenge the foreclosing party's standing to do so.[3] The balance of their argument is that MERS had no legal authority to initiate a foreclosure.

■ The issues plaintiffs raise concerning MERS and the securitized mortgage market were recently discussed in *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149 [121 Cal.Rptr.3d 819] (*Gomes*), review denied May 18, 2011.[4] There, the court concluded that the plaintiff failed to identify a legal basis for an action to determine whether MERS had authority to initiate a foreclosure proceeding. (192 Cal.App.4th at pp. 1154–1157.) We agree with the *Gomes* court that the statutory scheme (§§ 2924–2924k) does not provide for a preemptive suit challenging standing. Consequently, plaintiffs' claims for damages for wrongful initiation of foreclosure and for declaratory relief based on plaintiffs' interpretation of section 2924, subdivision (a), do not state a cause of action as a matter of law.[5] (*Gomes, supra*, at pp. 1152, 1154–1157.)

[3] Section 2924, subdivision (a) provides, in pertinent part, that a power of sale conferred in a deed of trust shall not be exercised until "all of the following" apply:

"(1) The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default. That notice of default shall include all of the following:

"(A) A statement identifying the mortgage or deed of trust by stating the name or names of the trustor or trustors and giving the book and page, or instrument number, if applicable, where the mortgage or deed of trust is recorded or a description of the mortgaged or trust property.

"(B) A statement that a breach of the obligation for which the mortgage or transfer in trust is security has occurred.

"(C) A statement setting forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default.

"(D) If the default is curable pursuant to Section 2924c, the statement specified in paragraph (1) of subdivision (b) of Section 2924c."

[4] " 'MERS is a private corporation that administers the MERS System, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS System, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS. MERS is listed as the grantee in the official records maintained at county register of deeds offices. The lenders retain the promissory notes, as well as the servicing rights to the mortgages. The lenders can then sell these interests to investors without having to record the transaction in the public record. MERS is compensated for its services through fees charged to participating MERS members.' [Citation.] 'A side effect of the MERS system is that a transfer of an interest in a mortgage loan between two MERS members is unknown to those outside the MERS system.' [Citation.]" (*Gomes, supra*, 192 Cal.App.4th at p. 1151.)

[5] This does not mean that a borrower who believes that the foreclosing entity lacks standing to do so is without a remedy. The borrower can seek to enjoin the trustee's sale or to set the sale aside. (See generally Bernhardt et al., Cal. Mortgages, Deeds of Trust, and Foreclosure Litigation (Cont.Ed.Bar 4th ed. 2011) §§ 7.23–7.31, pp. 538.2–538.11.)

Moreover, even if such a statutory claim were cognizable, the second amended complaint does not state facts upon which such a claim could be based as to MERS and Countrywide. The complaint alleges that foreclosure proceedings were initiated by ReconTrust, not by Countrywide or MERS. It does not allege that ReconTrust purported to act as an agent for MERS or for Countrywide. Rather, it alleges that ReconTrust purported to act as agent for an unnamed beneficiary which purported to have been assigned the note and deed of trust by MERS (i.e., the beneficiary is alleged to be an entity other than MERS). The notice of default is not contained in the record, and the complaint does not state the name of the beneficiary on whose behalf ReconTrust purported to act. Accordingly, even if a statutory action for damages or for declaratory relief were available to challenge the standing of the foreclosing entity, the second amended complaint does not allege any facts upon which such an action could be based with respect to Countrywide or MERS.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to defendants Countrywide Home Loans, Inc., and Mortgage Electronic Registration Systems, Inc.

Ramirez, P. J., and Codrington, J., concurred.