Filed 2/27/13  Martinez v. OneWest Bank CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

ALEX Z. MARTINEZ et al.,

    Plaintiffs and Appellants,

v.

ONEWEST BANK, FSB, et al.,

    Defendants and Respondents.

E055492

(Super.Ct.No. CIVRS910701)

**OPINION**

APPEAL from the Superior Court of San Bernardino County.  Joseph R. Briscoe, Judge.  Affirmed.

Alex Z. Martinez and Arminda B. Martinez, in pro. per., for Plaintiffs and Appellants.

Allen Matkins Leck Gamble Mallory & Natsis, Andrew E. Miller, and Joshua R. Mandell for Defendants and Respondents.

This is an action originating in defendants' attempts to foreclose on a trust deed secured by plaintiffs' residence.  On January 4, 2012, the trial court granted defendants'

motion for summary judgment. Judgment was entered on the same day. Plaintiffs then filed their notice of appeal.

I

STANDARD OF REVIEW

Our standard of review is well established: "'Appellate review of a summary judgment is limited to the facts shown in the supporting and opposing affidavits and those admitted and uncontested in the pleadings. In deference to the strong public policy favoring a trial on the merits, appellate courts are bound by the same principles governing the trial court's determination: i.e., the *moving party's* (respondent's) papers are *strictly construed* and the *opposing party's* (appellant's) papers are *liberally construed*. All doubts as to the propriety of granting the motion (whether there is any issue of material fact [Code of Civil Procedure] § 437c) are to be resolved *in favor of the party opposing the motion* (i.e., a denial of summary judgment).' [Citations.] [¶] Summary judgments are reviewed de novo. [Citations.] 'Because trial judges *no longer exercise discretion* in considering a summary judgment motion, application of the abuse of discretion standard is inappropriate. Under current law, summary judgment motions raise *only questions of law* regarding the construction and effect of the moving and opposing papers; and questions of law are subject to the *independent* standard of review.' [Citations.] [¶] We apply the same three-step analysis required of the trial court. "'First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond . . . . [¶] Secondly, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's

2

favor. . . . [¶] When a summary judgment motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue.'" [Citations.]' [Citation.]" (*Hamburg v. Wal-Mart Stores, Inc.* (2004) 116 Cal.App.4th 497, 502-503.)

## II

## THE COMPLAINT

Plaintiffs' complaint was filed on September 22, 2009. After numerous demurrers and a removal to federal court, the case was returned to state court. Demurrers were eventually sustained to three causes of action in the fourth amended complaint without leave to amend. The fifth amended complaint, which asserted two different causes of action, was filed on May 26, 2011.

The fifth amended complaint contained causes of action for injunctive and declaratory relief. The cause of action for injunctive relief sought to prevent a foreclosure sale of plaintiffs' residence. The cause of action for declaratory relief alleged that "plaintiffs contend defendants did not have grounds nor hold the legal right to initiate the non-judicial foreclosure." Plaintiffs sought a declaration "as to who, or what entity, is the true owner in due course of the mortgage loan, promissory note, and trust deed executed by the Plaintiffs on the subject property in 2005 . . . ." Both causes of action incorporated general allegations that primarily concerned the chain of transactions that allegedly followed execution of the documents. The general allegations also stated that plaintiffs' efforts at loan modification were rejected.

3

III

THE MOTION FOR SUMMARY JUDGMENT

On October 11, 2011, defendants OneWest Bank, FSB (OneWest) and U.S. Bank National Association (U.S. Bank)[1] filed a motion for summary judgment. The motion was based on three grounds: (1) there was no controversy justifying declaratory relief, citing *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149; (2) possession of the original promissory note was not a prerequisite to a nonjudicial procedure; and (3) in any event, they were in possession of the original promissory note, through their agents.

A.    *Issues Framed by the Pleadings*

The material facts are established by the defendants' separate statement of undisputed facts and plaintiffs' response. (Code Civ. Proc., § 437c (b)(1)(3).) These facts are as follows: In 2005, plaintiffs executed a promissory note for a mortgage loan of $520,000 from IndyMac Bank (IndyMac). Plaintiffs had been in default under the note since July 2008.[2]

---

[1]    Plaintiff sued "IndyMac Mortgage Services" as a "mortgage servicing company, doing business in California, and . . . a subsidiary of ONE WEST BANK." In the summary judgment motion, OneWest alleges that IndyMac Mortgage Services is merely a division of OneWest.

[2]    In their response, plaintiffs disputed this fact, stating that they had been making court-ordered payments while the action was pending. Plaintiffs failed to state supporting evidence for this contention. Although the trial court agreed that some payments were made pursuant to court order, plaintiffs admitted they had stopped making payments and were in default.

4

As security for the note, plaintiffs executed a deed of trust on their home. The deed of trust identified IndyMac as lender, Fidelity National Title Company as trustee, and Mortgage Electronic Registration System (MERS) as beneficiary and nominee for IndyMac and its assigns.

Defendants further state that, on May 7, 2009, MERS, as nominee for IndyMac, assigned all beneficial interest under the deed of trust to OneWest. Plaintiffs agree there was an attempt to transfer beneficial interest but dispute whether OneWest had capacity to transfer.

On June 2, 2009, OneWest appointed Quality Loan Service Corporation (Quality) as substitute trustee under the deed of trust. Plaintiffs dispute whether OneWest had the capacity to appoint Quality. Quality, acting in its capacity as substitute trustee under the deed of trust, issued a notice of default as "Agent for Beneficiary" dated June 2, 2009. Plaintiff does not dispute that a notice of default was issued.

Quality, acting in its capacity as substitute trustee under the deed of trust, executed a notice of trustee's sale, dated September 4, 2009. On January 4, 2010, OneWest assigned its beneficial interest in the deed of trust to U.S. Bank. Plaintiffs have failed to cure their ongoing default.[3]

On October 31, 2005, Deutsche Bank National Trust Company (Deutsche Bank), in its capacity as document custodian, received custody of the original note. Plaintiff disagrees but provides no supporting evidence. From October 31, 2005, to January 10,

---

[3] Once again, plaintiffs dispute the fact by alleging they have made court-ordered payments. (See fn. 2, *ante*, p. 4.)

2011, and from February 1 to May 9, 2011, Deutsche Bank maintained custody of the note until it was sent to defense counsel to allow the plaintiffs to inspect the note. Plaintiffs respond: "Disagree as to the substantiation. Decl. is not of personal knowledge of the declarant." Finally, defendants state that the note is endorsed in blank. Plaintiffs disagree, stating that the cited declaration does not support this fact.

Plaintiffs raise disputed legal issues by challenging (1) the validity, under California law, of the assignment of the trust deed from MERS to OneWest; (2) the validity of the assignment from OneWest; and (3) whether U.S. Bank is the owner of the subject note and trust deed. Instead, plaintiffs contend that "[U.S. Bank] is trustee of a trust that [s]old mortgages placed into the trust to other investors." Finally, plaintiffs dispute that U.S. Bank holds the beneficial interest in the trust deed, contending that the "[a]ssignment to it is not valid under California law and IRC provisions [c]ontrolling the trust."

B.    *The Trial Court's Decision*

In granting the summary judgment motion, the trial court stated, "The court finds the defendants have provided evidence to establish the owner and establish who is the owner and possessor of the note, and that all the statutory procedures for foreclosure have been followed. [¶] Additionally, the plaintiffs are admittedly in default on their loan, except for the payments made pursuant to court order, which have continued through the pendency of this action."

C.    *Are There Issues of Material Fact?*

Plaintiffs' first contention on appeal is that the trial court erred in concluding that there were no triable issues of material fact to be determined. The contention is based on the assertion that U.S. Bank did not have authorization to begin foreclosure proceedings. However, the record is quite clear that OneWest appointed Quality Loan Service Corporation as substitute trustee under the deed of trust and that Quality took the steps necessary to foreclose. While the foreclosure process was continuing, OneWest assigned its beneficial interest in the deed of trust to U.S. Bank.

Plaintiffs do not dispute the documents but rather allege that (1) U.S. Bank was trustee of a mortgage-backed securities trust; (2) as such, it did not have "true ownership" of the loan; and, therefore, (3) it did not have the power to direct the mortgage servicer, IndyMac, to foreclose on the property. Plaintiffs further argue that the loan, but not the trust deed, was placed in the trust in violation of California law and that the trust closed in 2005 and was not allowed to accept an assignment of the trust deed in 2010 under Internal Revenue Service regulations. But plaintiffs did not provide any supporting evidence that raises material issues of fact. Their arguments are legal arguments as to the validity of the assignments and the ownership of the note and trust deed.

We agree with the trial court that there are no triable issues of material fact. The documents cited by defendants in support of the motion are in the record and supported by declarations by their custodians. They are regular on their face, and plaintiffs attack only their legal effect. "The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the

7

moving party is entitled to a judgment as a matter of law." (Code Civ. Proc. § 437c (c).) Based on the showings in the statements of undisputed facts and the supporting evidence cited, we agree with defendants that the only issues are legal issues. The question thus presented is whether these defendants are entitled to judgment as a matter of law.

D. *Are Defendants Entitled to Summary Judgment as a Matter of Law?*

As noted above, defendants rely on *Gomes v. Countrywide Home Loans, Inc., supra,* 192 Cal.App.4th 1149. Plaintiffs focus their attack on *Gomes* and attempt to distinguish it on various grounds.

*Gomes* concerns an attempt to foreclose on residential property. Plaintiff appealed from the granting of a demurrer without leave to amend, contending that defendant MERS did not have authority to initiate the foreclosure because the owner of the note did not authorize it to proceed with the foreclosure. (*Gomes v. Countrywide Home Loans, Inc., supra,* 192 Cal.App.4th at p. 1152.) In a second cause of action for declaratory relief, plaintiff alleged that Civil Code section 2924 (a)[4] allowed a declaratory relief action to assert the claim made in the first cause of action. (*Gomes*, at p. 1152.)

The *Gomes* court rejected these claims, holding that "California's nonjudicial foreclosure law does not provide for the filing of a lawsuit to determine whether MERS has been authorized by the holder of the Note to initiate a foreclosure." (*Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th at p. 1156.) The court also found that Gomes had agreed, in the deed of trust, that MERS was authorized to bring a

---

[4] Unless otherwise indicated, all further statutory references are to the Civil Code.

8

foreclosure proceeding.  (*Id*. at p. 1157.)  The court cited other cases that had rejected challenges to MERS's authority to foreclose.  (*Id*. at pp. 1157-1158.)

In *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, plaintiff also alleged that a MERS assignment was invalid.  The trial court found that the recorded documents in that case showed that the claims were without factual foundation, and the Court of Appeal affirmed.  (*Id*. at p. 260.)  The court discussed the MERS system in detail and rejected various claims of plaintiff relating to the operation of the system.  (*Id*. at pp. 267, 269-273.)

In the present case, plaintiffs seek to avoid application of the principles of *Gomes* by arguing that "the *Gomes* case concerned very different issues than those in this matter, with different legal capacities of those defendants, as to their various ownership rights and duties."  They reiterate that they are not attacking the *authorization* of the mortgage servicer to foreclose, but rather they are focusing on the alleged lack of ownership of the note by U.S. Bank.  They conclude that, if U.S. Bank was not the owner of the note, it could not authorize foreclosure proceedings.

However, it is clear from the documents presented in support of the summary judgment motion that OneWest was the owner of the note when the foreclosure proceedings were initiated by Quality.  The note was not assigned by OneWest to U.S. Bank until six months after the foreclosure proceedings began.  Thus, factually, defendants have demonstrated that the plaintiffs' legal argument has no merit and that plaintiffs' have failed to supply any factual support for their claims.

Further, it does not matter who owned the note when the loan servicer, Quality, began foreclosure proceedings. A similar issue was raised in *Arabia v. BAC Home Loans Servicing, L.P.* (2012) 208 Cal.App.4th 462. The court first found that the loan servicer could bring a foreclosure action under section 725a. (*Arabia*, at pp. 468-472.) In that case, the loan servicer's right to foreclose was founded in a contract, i.e., the promissory note and deed of trust. (*Id.* at p. 472.)

In discussing assignability of the right to judicially foreclose, the court rejected plaintiff's contention that allowing the servicing company to foreclose would disadvantage him. (*Arabia v. BAC Home Loans Servicing, L.P.*, *supra*, 208 Cal.App.4th at p. 474.) The court responded, "[Plaintiff] does not explain how he is disadvantaged. There is no dispute that BAC is the servicer of [plaintiff's] loan. [Plaintiff] does not claim that the foreclosure is unwarranted. To the contrary, he concedes he borrowed a substantial sum of money and has not made payments since October, 2007. He does not contend that a second entity is seeking or will seek to foreclose on the same deed of trust at issue here. Simply put, other than his bald assertion, we conclude that there is no evidence that [plaintiff] has been or will be disadvantaged if BAC is permitted to initiate a judicial foreclosure in its name." (*Ibid.*)

Similarly, there is no disadvantage to plaintiffs shown in this case. There is no dispute that plaintiffs owe the money as stated in the promissory note. There is no dispute that OneWest named Quality as the substituted trustee. There is no dispute that Quality began foreclosure proceedings in 2009.

10

The promissory note provides that, in the event of default, the noteholder may declare a default.[5]  In this case, OneWest appointed Quality as a substitute trustee on June 2, 2009. Quality filed the notice of default on the same day.  The chain of assignment was complete, and Quality had the power under the trust deed to foreclose for nonpayment.

We therefore conclude that plaintiffs have not shown any legal or factual reason why the nonjudicial foreclosure proceedings should be enjoined instead of proceeding to a foreclosure sale.  Nor has plaintiff shown any factual or legal reason why a declaratory relief action is proper in this situation.

There is a more fundamental reason for rejecting plaintiffs' contentions.  In *Gomes*, the court held that the comprehensive nonjudicial foreclosure procedure does not allow a debtor to file a declaratory relief action in order to delay foreclosure by turning a nonjudicial procedure into a judicial one.  (*Gomes v. Countrywide Home Loans, supra,* 192 Cal.App.4th at p. 1154.)  The court explained, "By asserting a right to bring a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process, Gomes is attempting to interject the courts into this comprehensive nonjudicial scheme.  As Defendants correctly point out, Gomes has identified no legal authority for such a lawsuit.  Nothing in the statutory provisions establishing the nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated.  [¶]  In his declaratory relief cause of action, Gomes sets

---

**5**    The note provided that it may be transferred by the lender (IndyMac).  The transferee was denominated the "Note Holder."  The note was endorsed in blank and was held by defendants' attorney.  At one point, defendants' attorney offered to show plaintiffs the original note.  The offer was declined.

11

forth the purported legal authority for his first cause of action, alleging that Civil Code section 2924, subdivision (a), by 'necessary implication,' allows for an action to test whether the person initiating the foreclosure has the authority to do so. We reject this argument. Section 2924, subdivision (a)(1) states that a 'trustee, mortgagee, or beneficiary, or any of their authorized agents' may initiate the foreclosure process. However, nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action. [Citation.] Significantly, '[n]onjudicial foreclosure is less expensive and more quickly concluded than judicial foreclosure, since there is no oversight by a court, "[n]either appraisal nor judicial determination of fair value is required," and the debtor has no postsale right of redemption.' [Citation] The recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." (*Id*. at p. 1155.)

We have resolved similar issues in *Robinson v. Countrywide Home Loans, Inc.* (2011) 199 Cal.App.4th 42. We held, "The issues plaintiffs raise concerning MERS and the securitized mortgage market were recently discussed in *Gomes v. Countrywide Home Loans, Inc.*[citation]. There, the court concluded that the plaintiff failed to identify a legal basis for an action to determine whether MERS had authority to initiate a foreclosure proceeding. [Citation.] We agree with the *Gomes* court that the statutory scheme (§§ 2924–2924k) does not provide for a preemptive suit challenging standing.

12

Consequently, plaintiffs' claims for damages for wrongful initiation of foreclosure and for declaratory relief based on plaintiffs' interpretation of section 2924, subdivision (a), do not state a cause of action as a matter of law. [Citation.]" (*Id.* at p. 46, fns. omitted.) The same is true here.

The trial court did not err in granting defendants' motion for summary judgment.

IV

DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.