Filed 10/17/14  Cutlip v. Deutsche Bank Nat. Trust Co. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAM J. CUTLIP,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>    Defendants and Respondents. | H039257<br>(Santa Clara County<br>Super. Ct. No. 1-12-CV217452)<br><br>ORDER MODIFYING OPINION |

BY THE COURT:

It is ordered that the opinion filed herein on October 9, 2014, be modified as follows:

On page 6, at the end of the first full paragraph, delete "(*Yvanova v. New Century Mortgage Corporation* (2014) 226 Cal.App.4th 495, 500) (*Yvanova*).)."

On page 7, on line 9 of the carryover paragraph, delete "; accord, *Yvanova*, *supra*, 226 Cal.App.4th at p. 501" and delete "; *Yvanova*, *supra*, 226 Cal.App.4th at p. 501" from the last line of that paragraph.

There is no change in the judgment.

Dated:_____                    _____
                                                                                          Elia, J.

_____                    _____
        Rushing, P.J.                                                          Mihara, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAM J. CUTLIP,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>      Defendants and Respondents. | H039257<br>(Santa Clara County<br>Super. Ct. No. 1-12-CV217452) |

Plaintiff William Cutlip appeals from a judgment dismissing his action against defendants Deutsche Bank National Trust Company and Western Progressive LLC, which had foreclosed on his residence.  On appeal, he contends that the superior court erred in sustaining defendants' demurrer to his second amended complaint, which alleged quiet title, breach of contract, and "tortious interference with a contract."  We find no error and therefore must affirm the judgment.

*Background*

Because this appeal arises from the sustaining of a demurrer, our summary of the factual history is drawn primarily from the operative pleading, plaintiff's second amended complaint.  Toward this end "we accept as true the properly pleaded material factual allegations of the complaint, together with facts that may properly be judicially

noticed." (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 672; *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)[1]

On April 19, 2007, plaintiff executed a deed of trust and promissory note securing the loan on his residential property in Campbell. The lender was identified as Downey Savings and Loan Association, F.A. (Downey), and the trustee as DSL Service Company.

Plaintiff initiated this action in propria persona on January 25, 2012, asserting quiet title against only Downey.[2] He had unsuccessfully pursued a loan modification and was then in default on the loan. On February 21, 2012, Western Progressive, LLC (Western Progressive), as "agent for [the] beneficiary," recorded a notice of default on the property, listing $14,134.67 as the amount due. On March 19, 2012, Western Progressive was substituted as trustee.[3] By this time, Ocwen Loan Servicing, LLC was the servicer of the loan, and "Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-7" (Deutsche Bank) was the beneficiary.

Plaintiff filed his first amended complaint on March 29, 2012, this time naming Western Progressive and Deutsche Bank as defendants and alleging quiet title, breach of contract, and conversion of a negotiable instrument. The superior court sustained defendants' demurrer with leave to amend, citing "uncertainty of the allegations" and the preemptive nature of the lawsuit. (See *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1155 [refusing to recognize preemptive action to determine

---

[1] All the documents that are necessary to determine the issues material to this appeal are contained in the record. Plaintiff's motions for judicial notice of additional documents are denied.

[2] Plaintiff has continued to represent himself throughout these proceedings, including the appeal to this court.

[3] That document was recorded on June 13, 2012.

authority to initiate foreclosure]; accord, *Robinson v. Countrywide Home Loans, Inc.* (2011) 199 Cal.App.4th 42, 46.) At this point no trustee's sale had taken place. On June 13, 2012, however, Western Progressive recorded a notice of trustee's sale to occur on July 6, 2012, and on July 20, 2012, the sale of the property to Deutsche Bank was recorded.

Plaintiff filed his second amended complaint against Western Progressive and Deutsche Bank on September 5, 2012. In this pleading he alleged quiet title, breach of contract, and "tortious interference with a contract." In the first cause of action plaintiff claimed that the obligations to the original lender, Downey, had been "fulfilled" when Downey sold the loan to "a presently unknown entity." Deutsche Bank did not have "a secured or unsecured legal, equitable, or pecuniary interest in the lien," as the "purported assignment" to it "ha[d] no value since the Deed of Trust is wholly unsecured." Deutsche Bank had been receiving monthly payments to which it was not entitled because it had "no interest [in] [plaintiff's] Note or Deed of Trust." Because Deutsche Bank had been "unjustly enriched by collecting monthly payments from Plaintiff when they have no interest [in] his Note or Deed of Trust," plaintiff believed he should be awarded "restitution for any payments they [*sic*] made to [Deutsche Bank] that were not paid to the lender or beneficiary, if any."

The second cause of action for breach of contract asserted fatal defects in the notice of default—specifically, an ineffective and fraudulent substitution of Western Progressive as trustee pursuant to Civil Code section 2934a and thus no authority for that entity to record the notice of default. Finally, in the third cause of action plaintiff alleged that Deutsche Bank had interfered with his mortgage obligation and prevented him from obtaining a loan modification.

Defendants again demurred, asserting plaintiff's lack of standing to challenge their authority to foreclose and his failure to set forth facts meeting the elements of quiet title, breach of contract, or tortious interference with contract. Defendants also argued that

3

plaintiff could not quiet his title because he had not tendered the overdue amount on his loan.

The superior court again sustained the demurrer, this time without leave to amend any of the causes of action. Plaintiff moved for a new trial and for reconsideration, and while those requests were pending, he filed a notice of appeal. He also moved to dismiss Deutsche Bank from the complaint under the Federal Rules Of Civil Procedure, claiming the bank had no legal interest in the property and thus no right to challenge plaintiff's title. The court denied the first two motions on January 24, 2013, and on April 5, 2013, it denied the motion to dismiss and ordered judgment to be entered in defendants' favor. This court elected to treat plaintiff's premature notice of appeal as having been filed from that April 5 judgment.

*Discussion*

On appeal, plaintiff renews his contention that Deutsche Bank has no legal interest in his loan, either as assignee of the deed or as holder of the note. Without any ownership or possessory interest, plaintiff argues, Deutsche Bank "had absolutely no standing" to attack the validity of plaintiff's title, and the court "had no subject matter jurisdiction over the case whatsoever to rule in [defendants'] favor." Any substitution of Deutsche Bank as trustee was invalid because Deutsche Bank "has not produced any assignment of the [deed of trust] or [n]ote [showing that it has] any interest in the property." Plaintiff further contends, as he did below, that the superior court "improperly applied the California tender rule," again because Deutsche Bank had "no standing to be heard."

Plaintiff raises several issues he did not present in his opposition to the demurrer, though they appeared in his second amended complaint. For example, he argues that the failure to assign the note by the "cutoff date" resulted in a "failed securitization resulting in respondents['] inability to claim any ownership right on defendants [*sic*] property." He further argues that Deutsche Bank's failure to acquire ownership of the note was contrary

4

to New York law[4] as well as California law and thus precluded its enforcement of the note. Western Progressive also was not authorized as an agent or trustee of the beneficiary and therefore also was unauthorized to foreclose. Plaintiff now purports to add wrongful foreclosure, "vexatious litigation," malicious prosecution, fraudulent conveyance, and intentional infliction of emotional distress to the causes of action pleaded in the second amended complaint. Plaintiff also reverts to his first amended complaint, arguing that the court incorrectly deemed his claims to be premature and that the pooling and service agreement prevented him from obtaining a loan modification. He belatedly adds that the substitution of Deutsche Bank as beneficiary or trustee was invalid and that the notice of default was improperly issued—again because "respondent lacked standing and further the court was deprived of subject matter jurisdiction over the case." Without the requisite "legal or equitable interest in a mortgage," plaintiff argues, a party has no authority to receive payments or to declare a default; consequently, both Deutsche Bank and Western Progressive lacked standing and were "subject to a jurisdictional dismissal."

Plaintiff only superficially addresses the primary basis on which defendants demurred to the second amended complaint: that plaintiff could not succeed in his quiet title action without tendering the amount due. In his opposition to the demurrer, plaintiff had incorrectly argued that "tender is not one of the requirements of a quiet title but plaintiff offered an unconditional offer to pay the full amount due." Plaintiff did not, however, allege tender in his complaint; instead, he directed his allegations at defendants' lack of "connection" to the original loan and deed of trust. On appeal, he again asserts

---

[4] Plaintiff asserts that Harborview 2007-7 is a trust incorporated in New York and that this is a trust matter governed by the trust laws of New York as well as the rules of the Internal Revenue Service. He further claims that Deutsche Bank itself is at most a "New York common law trust created by an agreement known as [a] 'Pooling and Service Agreement.' "

that he pleaded tender and that he met the "exceptions" to the tender rule.[5] He does not identify any specific exception but appears to rely on the premise that Deutsche Bank is not the entity entitled to payment of the obligation. In his reply brief he adds that the "tender rule should not shield respondents when [he] has charged them with fraud and forgery." Plaintiff did not, however, claim fraud or forgery in his second amended complaint.

No exceptions to the tender rule appear to be applicable in this case. "The plaintiff in a quiet title suit is not helped by the weakness of his adversary's title, but must stand upon the strength of his or her own." (*Shimpones v. Stickney* (1934) 219 Cal. 637, 649.) Inasmuch as plaintiff relies on equity in seeking quiet title (see *Estate of Phelps* (1990) 223 Cal.App.3d 332, 340 [quiet title action is equitable in nature]), he fails to convince this court that it is equitable for him to regain title to the property without fulfilling his payment obligation. Accordingly, because plaintiff failed to allege that he tendered funds to discharge his debt, he is not entitled to maintain an action for quiet title. (*Yvanova v. New Century Mortgage Corporation* (2014) 226 Cal.App.4th 495, 500 (*Yvanova*).)

Even if plaintiff's complaint is construed as a wrongful foreclosure action, as he appears to view it in his opening brief, his challenge on the grounds of ineffective securitization and invalid assignment is without foundation. "Because a promissory note is a negotiable instrument, a borrower must anticipate [that] it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing [the plaintiff's] obligations under the note." (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507.)

Nor can plaintiff succeed on the ground that faulty securitization of the loan created a basis for his claims. "[E]ven if the asserted improper securitization (or any

---

[5] Plaintiff also briefly asserts that "the obligation has been satisfied," but his argument on this point is incomprehensible.

other invalid assignments or transfers of the promissory note subsequent to [plaintiff's] execution of the note on [April 19], 2007) occurred, the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note. . . As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." (*Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 514-515 (*Jenkins*); accord, *Yvanova*, *supra*, 226 Cal.App.4th at p. 501.) Thus, even if an invalid transfer or assignment of the mortgage was made, it is not the borrower, such as plaintiff, who was injured, "because [his] obligations under the note remained unchanged. Instead, the true victim may be an individual or entity that believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of its interest in the note." (*Jenkins*, *supra*, 216 Cal.App.4th at p. 515; *Yvanova*, *supra*, 226 Cal.App.4th at p. 501.)

As for plaintiff's assertion that "[Civil Code section] 2924, subdivision (a)(1) requires the note to be in the possession of the entity declaring the default," we rejected that theory in *Debrunner v. Deutsche Bank Nat. Trust Co.* (2012) 204 Cal.App.4th 433. In that case we observed that " '[t]here is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose. Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale.' [Citation.]" (*Id*. at p. 441.)

In short, there is nothing in the second amended complaint indicating that plaintiff tendered the amount in arrears when the notice of default was issued, nor did he allege a valid basis on which his tender could be excused. The superior court properly sustained the demurrer to the quiet title cause of action.

7

Plaintiff does not address the lower court's ruling on his second cause of action for breach of contract. He therefore has abandoned his opposition to the demurrer to this claim. In any event, we cannot overlook plaintiff's failure to plead the elements of breach of contract, including his own performance.[6] Thus, plaintiff has failed to state a viable cause of action for breach by either defendant. His third cause of action for "Tortious Interference with Contract" has likewise been abandoned. To the extent that he recasts that claim as "conversion" by defendants' refusal to allow him to obtain a loan modification, his argument is unsupported by any pleaded facts or legal authority.

None of plaintiff's remaining arguments is addressed to any causes of action raised in his second amended complaint. Nor has plaintiff suggested a reasonable possibility that by further amendment he could cure the defects in the pleading; indeed, there is no indication that he even wishes to undertake such amendment. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; see also *Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal.App.4th 837, 861 [burden is on plaintiff to show how amendment would change legal effect of the pleading]; *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44 [neither trial court nor appellate court will rewrite a complaint for the plaintiff].) Because his pleading fails as a matter of law to state a legally sufficient cause of action and no amendment is proposed, we must uphold the rulings sustaining the demurrer without leave to amend.

*Disposition*

The judgment is affirmed.

---

[6] A plaintiff asserting breach of contract must allege his or her own performance or excuse for nonperformance, in addition to the existence of a contract, the defendant's breach, and resulting damages. (*Bushell v. JPMorgan Chase Bank, N.A.* (2013) 220 Cal.App.4th 915, 921.)

_____

ELIA, J.


WE CONCUR:




_____

RUSHING, P. J.




_____

MIHARA, J.