**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBORAH TAMBURRI, | No. 13-16982 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02899-JST |
| v. | |
| SUNTRUST MORTGAGE, INC.; WELLS FARGO BANK, NA; U.S. BANK N.A.; RECONTRUST COMPANY, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOES, 1-20, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted November 20, 2015[**]
San Francisco, California

Before: MELLOY,[***] IKUTA, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Deborah Tamburri appeals a summary judgment entered in favor of defendants SunTrust Mortgage, Inc., Wells Fargo Bank, N.A., U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc., and ReconTrust Company in this action concerning the deed of trust that secures a loan on Tamburri's residence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**1.** Tamburri's claim for wrongful foreclosure under Cal. Civ. Code § 2924 fails because her property has not been sold. A § 2924 cause of action requires proof that the defendant "caused an illegal, fraudulent, or willfully oppressive sale." *See Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 633 (Ct. App. 2011). And, even assuming that pre-sale injunctive relief is available, *but see Robinson v. Countrywide Home Loans, Inc.*, 130 Cal. Rptr. 3d 811, 814 (Ct. App. 2011) (ruling out a preemptive claim), there is no threatened sale here to enjoin.[1]

**2.** Because Tamburri has presented no evidence of damages arising from any defendant's alleged misrepresentation, the district court properly granted summary judgment on her fraud claim. *See Lazar v. Superior Court*, 909 P.2d 981, 984 (Cal. 1996) (listing the elements of fraud, including "resulting damage"). The district

---

[1] The pending California Supreme Court decision in *Yvanova v. New Cent. Mortg. Corp.*, 331 P.3d 1275 (Cal. 2014) will not affect this appeal. In that case, the residence at issue had been sold at a foreclosure sale, and so the court would not have to address whether a borrower could bring an action for wrongful initiation of foreclosure, the primary theory at issue here.

2

court also correctly found that Tamburri could not justifiably have relied on SunTrust's alleged statements in deciding to file for bankruptcy. *See id.* (setting out "justifiable reliance" as an element of fraud).

**3.** Tamburri is not entitled to relief under the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, because there is no evidence that her property interest has been diminished by the recording of a corrective assignment of ownership of the underlying deed of trust. *See Jenkins v. JP Morgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 927 (Ct. App. 2013) (noting that, because the debtor's "obligations under the note remained unchanged," damages from an invalid transfer of a promissory note would only be incurred by the assignee).

**4.** Tamburri's claim for declaratory judgment was also properly rejected. The notice of default was rescinded, and because of the corrective assignment, there is no reasonable expectation that the violation she alleges will recur. *See Cty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979); *Clapper v. Amnesty Int'l USA*, 133 S. Ct 1138, 1148 (2013) (declaratory relief not warranted when the threatened injury is not "certainly impending").[2]

**AFFIRMED.**

---

[2] Because we affirm the grant of summary judgment on unrelated grounds, we need not consider whether the district court abused its discretion in excluding two expert reports.