[No. B142193. Second Dist., Div. Five. May 3, 2001.]

HING KWAN LO et al., Plaintiffs and Respondents, v.
PETER JENSEN, as Trustee, etc., Defendant and Appellant.

**COUNSEL**

Stuart W. Knight for Defendant and Appellant.

Law Offices of Gerald K. Kitano, Gerald K. Kitano and Michael M. Hirotsu for Plaintiffs and Respondents.

**OPINION**

**ARMSTRONG, J.**—Plaintiffs and respondents Hing Kwan Lo and Yuk Lin Fung were the owners of a condominium in Malibu. Appellant Peter Jensen (as trustee of the Las Virgenes Trust) and Kevin Ko[1] bought the condominium at a nonjudicial foreclosure sale. On respondents' complaint, the trial court found that Jensen and Ko violated Civil Code[2] section 2924h, subdivision (g). We affirm.

*Summary*

Both Jensen and Ko were in the business of purchasing property at foreclosure sales. They were experienced competitors. Each planned to bid at the foreclosure sale of respondents' property, but agreed instead to join together in one bid so that they could acquire the property for less. They were successful in this plan: though each had planned to bid $100,000, and each valued the property at $150,000 or more, Jensen and Ko jointly purchased the property for $5,412.

We hold that this conduct violated section 2924h, subdivision (g). That statute provides that "It shall be unlawful for any person, acting alone or in concert with others, (1) to offer to accept or accept from another, any consideration of any type not to bid, or (2) to fix or restrain bidding in any manner, at a sale of property conducted pursuant to a power of sale in a deed of trust or mortgage."[3]

The statute thus seeks to protect property owners in default by ensuring fair and open bidding and the benefits of competition. By joining together, Jensen and Ko foreclosed competition and restrained bidding in violation of the statute, resulting in a manifest unfairness to respondents, contrary to the public policy expressed by the statute.

The law has long provided that if a nonjudicial foreclosure sale has been unfairly or unlawfully conducted, or is tainted by fraud, the trial court has the power to set it aside. (*Bank of America etc. Assn. v. Reidy* (1940) 15 Cal.2d 243, 248 [101 P.2d 77].) We also hold that the remedy was applicable in this case. Where two otherwise ready and willing competitive buyers combine in restraint of competition and in violation of the law, resulting in an artificially low price which amounts to unfairness to the defaulting

---

[1]Ko settled with respondents prior to trial.

[2]All further statutory references are to that code.

[3]The trial court impliedly found that this was a sale conducted pursuant to a power of sale in a deed of trust or mortgage, and no party has raised any contention to the contrary.

owners, the sale may be set aside so that a new sale can be held and the owners can seek to benefit from competition, as the law provides.

*Facts*

Respondents Hing Kwan Lo and Yuk Lin Fung were the owners of a condominium in Malibu (the property). When they fell into arrearages with respect to their obligations to their homeowners association, the homeowners association instituted nonjudicial foreclosure proceedings. At the sale, all statutory notice requirements were fulfilled and the sale itself was regularly conducted.

Ko and Jensen were the only witnesses at trial, which was to the court. Ko testified that at the time of the sale he had been investing in properties at foreclosure sales for 12 or 13 years. It was his primary work. He attended foreclosure sales every day. Jensen testified that he had been investing in properties at foreclosure sales for three years. He had attended 200 such sales.

Both Ko and Jensen saw notice of the instant foreclosure sale and saw that the lien which was subject to foreclosure was $5,000. Both planned to bid. Ko believed that the fair market value of the property was $160,000. He expected to bid about $100,000. Jensen believed the fair market value was $150,000. He, too, expected to bid about $100,000.

Ko and Jensen sometimes saw each other at sales. Ko knew that Jensen was interested in "small money deal condo liens," such as the subject property. He expected Jensen and others to bid on the property. The day before the sale, Ko approached Jensen and asked whether he was going to attend. On learning that he was, Ko suggested that they join together in one bid. He told Jensen that by joining together, they could get the property cheaply.

Ko testified that he suggested a partnership in which he would provide the legal expertise and Jensen would make repairs, but also testified that he would have joined forces with Jensen even if Jensen had not agreed to make repairs. Jensen testified that he made his decision to bid with Ko for many reasons, not just because Ko said he would take care of the legal work.

Ko and Jensen agreed to share expenses and profits equally. They paid $5,412 for the property. A trustee's deed on sale was delivered to them, each with a 50 percent undivided interest.

The trial court rejected the argument that Jensen and Ko had formed a lawful joint venture and found that they "had as their primary motive to

restrict competition and not an intent to carry on as co-owners of a business venture." The court found a violation of section 2924h and set aside the sale on the condition that respondents tender $5,214 to Jensen.[4]

### Discussion

 The evidence was that Jensen and Ko joined together to eliminate competition and that they benefited by the lack of competition, securing the property for very little money, to respondents' detriment. This is precisely the conduct that section 2924h, subdivision (g) forbids.

Of course, we agree with Jensen that individuals may form partnerships, joint ventures, or other business entities, and lawfully act together. Here, however, the trial court found Jensen and Ko were not co-owners of a business but had combined to restrict competition, and that "the special obligations of Jensen (repairs) and Ko (legal) were not material parts of the agreement." Jensen's argument that he and Ko merely entered into lawful joint venture in which he would handle repairs to the property and Ko would provide the legal expertise is thus no more than a challenge to the sufficiency of the evidence for the trial court's finding. We review such a contention under the substantial evidence rule, accepting as true all evidence tending to establish the correctness of the finding and resolving every substantial conflict in the testimony in its favor. (*Jacoby v. Feldman* (1978) 81 Cal.App.3d 432, 442 [146 Cal.Rptr. 334].)

We find that the trial court's findings are amply supported by the evidence that Jensen and Ko barely knew each other before the sale, did not know how much repair the property needed, and had agreed on few details for their venture, and would have entered into the joint bid even if there was no possibility of sharing expertise.[5] The purpose of the agreement was not to combine skills and expertise for mutual benefit, but to hold down the sales price of the subject property.

Nor can we agree with Jensen that the proper remedy was an action for damages, not an order setting aside the sale. "It is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or

---

[4]The parties had agreed that that sum represented Jensen's portion of the purchase price, plus various costs incurred for repairs and homeowners association dues.

[5]We must also reject Jensen's suggestion that we adopt a rule of reason from antitrust law, view the evidence pursuant to that rule, and find no illegal conduct. We are bound not by antitrust law, but by the statute, which makes it unlawful for any person to fix or restrain bidding.

where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." (*Bank of America etc. Assn. v. Reidy, supra,* 15 Cal.2d at p. 248.) A debtor may apply to a court of equity to set aside a trust deed foreclosure on allegations of unfairness or irregularity that, coupled with the inadequacy of price obtained at the sale, mean that it is appropriate to invalidate the sale. (*Sierra-Bay Fed. Land Bank Assn. v. Superior Court* (1991) 227 Cal.App.3d 318, 337 [277 Cal.Rptr. 753]; 3 Witkin, Summary of Cal. Law (9th ed. 1987) Security Transactions in Real Property, § 149, pp. 646-647.) ██ Here, there was both unfairness and an inadequate price. The court had the power to vacate the sale and properly made that order.

Neither *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 829 [30 Cal.Rptr.2d 777] nor *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.* (2001) 85 Cal.App.4th 1279 [102 Cal.Rptr.2d 711], cited by Jensen, holds otherwise. ██ In *Moeller,* we held that "Where there is no irregularity in a nonjudicial foreclosure sale and the purchaser is a bona fide purchaser for value, a great disparity between the sales price and the value of the property is not a sufficient ground for setting aside the sale." (*Moeller, supra,* 25 Cal.App.4th at p. 832.) ██ The principle is correct, but the argument irrelevant. Respondents' case does not rest merely on inadequacy of price, but on unfairness and violation of statute. And although Jensen characterizes himself as a bona fide purchaser for value, the trial court finding of illegal activity negates that possibility.

Further, *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc., supra,* 85 Cal.App.4th 1279, does not conflict with *Bank of America etc. Assn. v. Reidy, supra,* 15 Cal.2d 243, or suggest that equitable relief is not appropriate here. In *6 Angels,* the foreclosure sale was proper except for the fact that a clerical error by the beneficiary of the deed of trust erroneously resulted in the opening bid being set at $10,000 rather than $100,000. The plaintiff bought the property for $85,000, the amount of the debt. The seller refused to issue a deed. The plaintiff sued to quiet title and for other relief and the court affirmed a grant of summary judgment in the plaintiff's favor. In response to the seller's argument that the sale should be set aside on equitable and public policy grounds, the court cited *Reidy* for the rule that foreclosure sales may be set aside under the conditions outlined in that case, but held that none of the conditions were present on the facts. (*6 Angels,* at p. 1287.) The facts here are very different.

Jensen also argues that there was no evidence that either he or Ko prevented any other person from appearing at the sale. This is true, but irrelevant. Jensen and Ko were competitors, and when they agreed not to

compete, they deprived respondents of the benefit of competition, a benefit they were entitled to under the law.

Finally, Jensen argues that the foreclosure sale cannot be set aside because respondents did not tender the debt. Since the judgment makes the order that Jensen deliver a quitclaim deed to respondents contingent on just that payment, the argument is unconvincing.

## DISPOSITION

The judgment is affirmed.

Turner, P. J., and Willhite, J.,* concurred.

Respondents' petition for review by the Supreme Court was denied July 11, 2001.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.