

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 07-17142 |
| Defendant, | D.C. No. CV-02-06405-AWI |
| and | |
| **LA JOLLA GROUP II; TERRANCE FRAZIER**, | **MEMORANDUM**∗ |
| Defendants-counter-claimants - Appellees, | |
| **NEVADA TRUST DEED SERVICES, INC.; LA SALLE NATIONAL BANK**, | |
| Counter-defendants - Appellants, | |
| v. | |
| **COUNTRYWIDE HOME LOANS, INC.**, | |
| Plaintiff-cross-defendant - Appellant, | |
| v. | |
| **CTC REAL ESTATE SERVICES**, | |

---

∗      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Third-party-defendant -
Appellant.

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted January 13, 2010
San Francisco, California

Before:     **KOZINSKI**, Chief Judge, **HUG** and **CLIFTON**, Circuit Judges.

Countrywide Home Loans, Inc. ("Countrywide") appeals the district court's judgment quieting title to a home in favor of defendants La Jolla Group II and Terrance Frazier.

**1.** CTC's erroneous Notice of Full Reconveyance converted Countrywide's senior deed of trust into an equitable lien of equal priority. See First Fidelity Thrift & Loan Ass'n v. Alliance Bank, 71 Cal. Rptr. 2d 295, 300–01 (Cal. Ct. App. 1998) (finding that an erroneously reconveyed deed of trust created "an equitable claim to reinstatement of a previously extinguished lien"); see also 4 Harry D. Miller, Miller & Starr's California Real Estate § 10:31 (3d ed. 2000) [hereinafter Miller & Starr] (equitable lien has the same priority as the erroneously reconveyed lien). The foreclosure sale by Nevada Trust Deed Services, Inc. ("Nevada Trust") under a junior deed of trust did not extinguish this lien. 5 Miller & Starr § 11:99.

**2.** Defendants did not acquire the home free and clear of Countrywide's lien because they were not bona fide purchasers for value. See Melendrez v. D & I Inv., Inc., 26 Cal. Rptr. 3d 413, 424 (Cal. Ct. App. 2005). A buyer at a foreclosure sale is a bona fide purchaser if he (1) bought the property for fair value; and (2) had no knowledge or notice of anyone else's rights to the property. 5 Miller & Starr § 11:50.

Although a purchaser at a foreclosure sale may rely on the record of title, he must investigate ambiguities in that record. 5 Miller & Starr § 11:81. Here, CTC's Notice of Full Reconveyance reciting that Countrywide's senior lien had been paid in full was inconsistent with both Nevada Trust's Notice of Default initiating foreclosure proceedings on a much smaller junior lien and CTC's second Notice of Default. These inconsistencies put defendants on notice because they had "knowledge of circumstances[,] which, upon reasonable inquiry, would lead to [discovery of Countrywide's unrecorded lien]." Triple A Mgmt. Co. v. Frisone, 81 Cal. Rptr. 2d 669, 676 (Cal. Ct. App. 1999) (quoting First Fidelity Thrift & Loan Ass'n, 71 Cal. Rptr. 2d at 301).

The district court erroneously relied on First Fidelity Thrift & Loan Ass'n v. Alliance Bank, 71 Cal. Rptr. 2d 295 (Cal. Ct. App. 1998), to hold that defendants had no duty to investigate beyond the record of title. But First Fidelity held that there is a duty of inquiry, which is "discharged once the . . . discrepancy [in the

record of title has] been explained in a manner consistent with normal practice."
First Fidelity, 71 Cal. Rptr. 2d at 303. Defendants didn't discharge their duty under
First Fidelity because they never investigated the inconsistencies between CTC's
Notice of Full Reconveyance and the two Notices of Default.

The district court found that Nevada Trust would have told the defendants
that the Notice of Full Reconveyance had been recorded by mistake. The court also
found that a call to CTC would have revealed that it had initiated foreclosure
proceedings under Countrywide's lien. Thus, had defendants investigated, they
would have learned that Countrywide retained an interest in the home. See 5 Miller
& Starr § 11:61 (constructive notice of facts discoverable through reasonable
investigation).

**3.** Countrywide isn't entitled to rescission due to procedural irregularities
because it hasn't proved that it was prejudiced by Nevada Trust's statements or any
collusion between defendants. A procedural irregularity must have "contributed to
the inadequacy of price or otherwise injured" the party seeking rescission for the
court to "set aside a nonjudicial foreclosure sale." Knapp v. Doherty, 20 Cal. Rptr.
3d 1, 14 (Cal. Ct. App. 2004) (emphasis omitted). Because defendants aren't bona
fide purchasers, Countrywide retains a valid lien on the home. Countrywide hasn't
shown that it will be prejudiced by having to enforce this lien through a judicial

foreclosure proceeding.  See 4 Miller & Starr § 10:32 (equitable creditor's remedy is limited to judicial foreclosure).  Countrywide therefore hasn't rebutted the presumption that the foreclosure sale was conducted fairly and regularly.  See 4 Miller & Starr § 10:211.  Countrywide's argument that the homeowners were prejudiced is irrelevant because they're no longer parties to the suit.  Cf. Lo v. Jensen, 106 Cal. Rptr. 2d 443, 446 (Cal. Ct. App. 2001) (finding that debtor could rescind sale when collusion caused home to sell for a fraction of fair market value).

**4.**  Nevada Trust's failure to give the IRS adequate notice was not a proper ground for rescinding the foreclosure sale because the statute obligating trustees to notify the IRS, Cal. Civ. Code § 2924b(c)(4), was enacted after the sale occurred. Rescission is a retrospective remedy, and section 2924b(c)(4) lacks any "express declaration of retrospectivity or a clear indication that the electorate, or the Legislature, intended [the statute to apply retrospectively]."  Tapia v. Superior Court, 807 P.2d 434, 436 (Cal. 1991).

**REVERSED AND REMANDED.**