Filed 10/20/15  Vacarro v. Wells Fargo Bank, N.A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| NICHOLAS VACARRO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>WELLS FARGO BANK, N.A. et al.,<br><br>Defendants and Respondents. | D066451<br><br><br>(Super. Ct. No.<br> 37-2012-00096755-CU-OR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard E.L. Strauss, Judge.  Affirmed.

Dennis Howard Moore for Plaintiff and Appellant.

Reed Smith and Michael Ellis Gerst, Matthew James Brady for Defendants and Respondents.

Plaintiff and appellant Nicholas Vacarro appeals from a judgment entered after the trial court sustained without leave to amend the demurrer of defendants and respondents Wells Fargo Bank N.A. (Wells Fargo), as trustee for the Holders of Bear Sterns Arm Trust, Mortgage Pass-Through Certificates, Series 2007-3 (the trust) and ReconTrust

Company, N.A. (ReconTrust) to Vacarro's second amended complaint. In his operative pleading, Vacarro sought to allege causes of action to void and set aside a notice of default, notice of trustee's sale, and assignment of his deed of trust; declaratory and injunctive relief; violation of the unfair competition law (UCL; Bus. & Prof. Code, § 17200 et seq.) and quiet title. Vacarro contends his complaint states valid causes of action, and that he should have been granted leave to amend to state a cause of action for wrongful foreclosure on grounds his promissory note and deed of trust were never conveyed to the trust, and the conveyance of his note and deed of trust by assignment was void. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In setting out the facts on review of a demurrer, we accept as true the well-pleaded facts in the operative second amended complaint. (*Beacon Residential Community Assn. v. Skidmore, Owings & Merrill LLP* (2014) 59 Cal.4th 568, 571.) We may also consider matters that have been judicially noticed. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.)

In January 2007, Vacarro obtained a $665,000 loan on property in San Diego, California (the property). He executed a promissory note secured by a deed of trust identifying the lender as America's Wholesale Lender (lender), ReconTrust as the trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee for the lender and the lender's successors and assigns.

In August 2011, Luis Roldan, who purported to be a MERS representative, executed an assignment of the deed of trust from MERS to the trust. The trust is an

2

express trust established by a pooling and servicing agreement (PSA), which is governed by New York law. The trust's assets are mortgage loans and other related items, which are to be treated as a real estate mortgage investment conduit (REMIC) trust.

In November 2011, ReconTrust recorded a notice of default on the property indicating Vacarro owed $89,141 in past due payments. It issued a notice of trustee's sale indicating the property would be sold in March 2012 at public auction.

In May 2012, Vacarro sued Wells Fargo and ReconTrust asserting causes of action to void and set aside the notice of default, notice of trustee's sale, and assignment of his deed of trust; declaratory and injunctive relief; and violation of the UCL. In part, he alleged the trust never acquired possession of the note or the rights of MERS and lender; the trust was not a successor to MERS or the lender; the note was not delivered or assigned to the trust; and the trust could not enforce the note, which rendered its interest and any foreclosure sale void. He alleged the trust's interest was void due to noncompliance with the Uniform Commercial Code (UCC), and for the same reason its acts were unlawful for purposes of the UCL.

Defendants demurred, and Vacarro filed a first amended complaint adding a cause of action for quiet title, as well as allegations concerning the PSA. In part, he alleged the PSA had a clause prohibiting the trust from acquiring any loan after April 30, 2007, without a "REMIC opinion." Vacarro alleged that because Roldan was not an agent or employee of MERS or lender, the trust never acquired the rights of MERS or lender, nor had the note been delivered to the trust, and thus the assignment was "void ab initio along with everything that follows from it." He alleged that even if the loan was conveyed by

3

assignment to the trust, that assignment violated the PSA because it occurred years after April 30, 2007. Defendants again demurred, and Vacarro moved for leave to file a second amended complaint, stating that his additional allegations would address Civil Code section 2924.17 of the Homeowner Bill of Rights.

The trial court sustained defendants' demurrer but granted Vacarro leave to amend and he filed the operative second amended complaint.[1] Vacarro added allegations that his claims about Luis Roldan were "on information and belief based upon reading many internet reports about Luis Roldan being a robo-signor [*sic*] and not being employed by MERS or [lender] or being an agent for MERS or [lender]." Vacarro alleged he was prejudiced by the trust foreclosing on his home without any interest in the note or trust deed because he was denied the opportunity for the "true beneficiary" to assess and explore options with him to avoid foreclosure, and that while the trust or its agent assessed him for a loan modification, he was unable to have the true beneficiary assess him. He alleged he would not have an opportunity to see if he qualified for a loan modification program belonging to his true beneficiary. Vacarro alleged that because the assignment was void and the debt not assigned to the trust, the trust's mortgage servicer

---

[1] In part, the trial court ruled as to the first cancellation cause of action that Vacarro failed to plead sufficient facts demonstrating the invalidity of the assignment; Roldan lacked authority to assign the deed of trust; there was impropriety in the foreclosure process; he had standing to challenge or enforce the PSA's terms; or he suffered prejudice from the purported invalid assignment. It ruled that nonjudicial foreclosure sales were governed by Civil Code sections 2924 through 2924i, not the UCC. Because the remaining causes of action were based on the same allegations, the trial court found those claims failed as well. It additionally ruled Vacarro did not state a quiet title claim because his complaint was not verified.

4

would not be able to rely on "competent reliable evidence" of its right to foreclose on his property. In his UCL cause of action, Vacarro newly alleged there was "unlawful conduct" because his loan was assigned to the trust in contravention of New York law.

Defendants demurred on grounds the complaint failed to state facts sufficient to constitute a cause of action. They argued Vacarro could not state a claim to cancel instruments because he could not show the invalidity of the recorded documents, and failed to allege facts to support his allegation that the assignment was void. In particular, they argued Vacarro only alleged general conclusions on information and belief about Roldan's status, and could not plead specific facts showing that Roldan lacked authority to assign his deed of trust. They argued Vacarro was not a party to the PSA to permit his enforcement of its terms, and thus lacked standing to challenge compliance with that agreement or the foreclosure process because a preemptive lawsuit was not permitted. They argued he could not allege prejudice because his deed of trust provided the note or partial interest in the note could be sold one or more times without prior notice to the borrower. For the same reasons, defendants argued Vacarro lacked standing to assert a claim for declaratory relief, which was in any event duplicative of the cancellation cause of action, and that because he had no valid underlying claim, he could not state a claim for injunctive relief. They argued Vacarro's UCL cause of action failed; that he could not allege facts establishing damages or causal nexus between lost money or property and defendants' actions, and thus lacked standing to allege such a claim, and also could not establish underlying violations with particularity. Finally, defendants argued Vacarro

5

could not maintain a quiet title cause of action because he failed to allege he tendered payment of the outstanding debt.

Vacarro opposed the motion, but did not address defendants' arguments concerning his UCL and quiet title causes of action. Granting the parties' requests for judicial notice,[2] the trial court sustained defendants' demurrer without leave to amend. It ruled Vacarro failed to plead sufficient facts to support the invalidity of the assignment or Roldan's authority to assign, impropriety in the foreclosure process, standing to challenge or enforce the PSA, or prejudice from the purported invalid assignment. It ruled the deed of trust expressly gave MERS the authority to sell the beneficial interest in the property as nominee of lender's or its successors and assigns, and under *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, MERS had the power to assign its interest under the trust deed. The court ruled Vacarro did not allege specific facts supporting the allegations against Roldan or showing the necessary injury as he conceded he was in default. It ruled there were no facts to support the proposition that the true beneficiary would not have initiated foreclosure proceedings. Finally, it ruled that to the extent Vacarro sought to allege a claim under the Homeowner Bill of Rights Act, that law was not retroactive and would not be applicable to defendants' 2012 conduct.

Vacarro appeals from the ensuing judgment.

---

2    The trial court's order states it granted the parties' requests for judicial notice "consistent with *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 266; and *Skov v. U.S. Bank Nat. Assn.* (2012) 207 Cal.App.4th 690, 696." *Fontenot* explained that it was within the court's power to "take judicial notice of the dates, parties, and legally operative language of a series of recorded documents . . . ." (*Fontenot*, at p. 265.)

## DISCUSSION

### I. *Standard of Review*

Our review standard on this demurrer is settled. We review the allegations of the operative complaint de novo to determine if they allege facts sufficient to state a claim for relief under any legal theory. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors*, *supra*, 48 Cal.4th at p. 42; *Apple Inc. v. Superior Court* (2013) 56 Cal.4th 128, 156.) " 'In doing so, we treat the demurrer as admitting all material facts properly pleaded. " 'Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' " ' " (*Apple Inc. v. Superior Court*, at p. 156.) We may also consider matters that the court has judicially noticed. (*Committee for Green Foothills*, at p. 42.)

"A demurrer may be sustained where judicially noticeable facts render the pleading defective [citation], and allegations in the pleading may be disregarded if they are contrary to facts judicially noticed." (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052; see also *Fontenot v. Wells Fargo Bank, N.A.*, *supra*, 198 Cal.App.4th at pp. 264-265 [in sustaining demurrer, court properly took judicial notice of recorded documents that clarified and to some extent contradicted plaintiff's allegations].) "In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer. [Citation.]

7

We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained." (*Intengan*, at p. 1052.)

"If we conclude the complaint fails on any grounds stated in the demurrer, we must then consider whether there is a ' "reasonable possibility" ' the complaint's defect(s) can be cured by an amendment. [Citation.] If it is apparent the complaint's defects can be cured, the trial court has abused its discretion and we will reverse the judgment. [Citation.] Alternatively, if it is apparent the complaint's defects cannot be cured, no abuse of discretion has occurred and we will affirm the judgment. [Citation.] The burden of proving the reasonable possibility of such a curative amendment falls ' " 'squarely on the plaintiff[s].' " ' " (*Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 506-507; see *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) " 'To satisfy that burden on appeal, a plaintiff "must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." [Citation.] . . . The plaintiff must clearly and specifically set forth the "applicable substantive law" [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action.' " (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1491.)

## II. *Contentions*

Vacarro does not address the elements of his various pleaded causes of action and how his second amended complaint states facts sufficient to support them. Rather, he begins his appellate arguments by discussing case law relevant to a new claim of

8

wrongful foreclosure based on a theory that a foreclosing entity lacks the authority to foreclose. He points to conflicting federal authorities including *Ohlendorf v. American Home Mortgage Servicing* (E.D.Cal. 2010) 279 F.R.D. 575 and *Barrionuevo v. Chase Bank, N.A.* (N.D.Cal. 2012) 885 F.Supp.2d 964, holding that mortgagors stated claims for wrongful foreclosure premised on the defendant not being a proper beneficiary or without a legal right to foreclose. (See *Ohlendorf*, at p. 583 [where assignment of plaintiff's mortgage had backdated effective dates, court reasoned that process "may be improper" and defendants did not demonstrate the assignments or notice of default was valid]; *Barrionuevo v. Chase Bank, N.A.*, at p. 972 ["[O]nly the 'true owner' or 'beneficial holder' of a Deed of Trust can bring to completion a nonjudicial foreclosure under California law"].) We are not bound by these and other federal court decisions. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1155 (*Gomes*).)

Vacarro also points to *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*), in which the Fifth District Court of Appeal held a plaintiff stated a cause of action for wrongful foreclosure under the theory that the foreclosing entity did not hold the deed of trust. (*Id*. at p. 1094.) In *Glaski*, the plaintiff alleged, as does Vacarro, that his promissory note and loan were not transferred to a securitized trust formed under New York law before its closing date as required by a PSA. (*Id*. at pp. 1093, 1095-1096.)[3]

---

3      *Glaski* explained: "In simplified terms, 'securitization' is the process where (1) many loans are bundled together and transferred to a passive entity, such as a trust, and (2) the trust holds the loans and issues investment securities that are repaid from the mortgage payments made on the loans. [Citation.] Hence, the securities issued by the trust are 'mortgage-backed.' " (*Glaski*, *supra*, 218 Cal.App.4th at p. 1082, fn. 1.)

Following Fifth Circuit District Court authority that an obligor may resist foreclosure on any ground rendering an assignment in the chain of title void (*id*. at p. 1095, citing *Reinagel v. Deutsche Bank National Trust Co.* (5th Cir. 2013) 722 F.3d 700), *Glaski* held the plaintiff's factual allegations regarding postclosing date attempts to transfer his deed of trust were sufficient to state a basis for concluding the attempted transfers were void. (*Glaski*, 218 Cal.App.4th at p. 1097.) According to *Glaski*, "a borrower may challenge the securitized trust's chain of ownership by alleging the attempts to transfer the deed of trust to the securitized trust (which was formed under N.Y. law) occurred after the trust's closing date. Transfers that violate the terms of the trust instrument are void under New York trust law, and borrowers have standing to challenge void assignments of their loans even though they are not a party to, or a third party beneficiary of, the assignment agreement." (*Id.* at p. 1083.) Thus, the status of the assignment as void rather than voidable gave the plaintiff standing to challenge it. (*Id*. at p. 1098.) *Glaski* observed that "some federal district courts sitting in California have rejected the postclosing date theory of invalidity on the grounds that the borrower does not have standing to challenge an assignment between two other parties" but it distinguished those cases because they did not apply New York trust law to the operation of the securitized trusts (*Ibid*.) The appellate court reversed the trial court's order sustaining a demurrer to the wrongful foreclosure claim. (*Id*. at p. 1100.) We note, as has the Second District, Division Two

10

Court of Appeal, the vast majority of courts have found *Glaski* unpersuasive. (*Kan v. Guild Mortgage Company* (2014) 230 Cal.App.4th 736, 744.)[4]

Vacarro acknowledges authorities contrary to *Glaski* that hold borrowers cannot initiate preemptive lawsuits to challenge the right or authority of a beneficiary or its agent to initiate a nonjudicial foreclosure. (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 (*Jenkins*); *Gomes*, *supra*, 192 Cal.App.4th at pp. 1152, 1154-1156 [upholding order sustaining demurrer to claims for "wrongful initiation" of foreclosure and declaratory relief on grounds plaintiff did not identify a legal basis for such an action in California's nonjudicial foreclosure scheme].) He points out that in *Gomes*, this court

---

4      The Second District, Division Two court cites *Miller v. JP Morgan Chase Bank, N.A.* (N.D.Cal., Aug. 8, 2014, No. 5:13–CV–03192–EJD) 2014 WL 3921361, *4, ["Courts in this District have expressly rejected *Glaski* "]; *Tavares v. Nationstar Mortgage LLC* (S.D.Cal., July 14, 2014, No. 14CV216–WQH) 2014 WL 3502851, *3 [finding *Glaski*'s reasoning unpersuasive]; *Zapata v. Wells Fargo Bank, N.A.* (N.D.Cal., Dec. 10, 2013, No. C 13–04288 WHA) 2013 WL 6491377, *2 ["Every court in this district that has evaluated *Glaski* has found it is unpersuasive and not binding authority"]; *Davies v. Deutsche Bank National Trust Co. (In re Davies)* (9th Cir. 2014) 565 Fed.Appx. 630, 632–633 [following *Jenkins* instead of *Glaski* ]; and *Rajamin v. Deutsche Bank Nat'l Trust Co.* (2d Cir.N.Y. 2014) 757 F.3d 79 [disagreeing with *Glaski's* interpretation of New York law; finding improper transfer into investment trust is voidable, not void].) We note in particular that the Second Circuit in *Rajamin* explained: "[W]e conclude that as unauthorized acts of a trustee may be ratified by the trust's beneficiaries, such acts are not void but voidable; and that under New York law such acts are voidable only at the instance of a trust beneficiary or a person acting in his behalf. Plaintiffs here are not beneficiaries of the securitization trusts; the beneficiaries are the certificateholders. Plaintiffs are not even incidental beneficiaries of the securitization trusts, for their interests are adverse to those of the certificateholders. Plaintiffs do not contend that they did not receive the proceeds of their loan transactions; and their role thereafter was simply to make payments of the principal and interest due. The law of trusts provides no basis for plaintiffs' claims." (*Rajamin*, 757 F.3d at p. 90.) Unpublished federal district court cases are citable as persuasive authority. (*Kan v. Guild Mortgage Company*, *supra*, 230 Cal.App.4th at p. 744, fn. 3.)

11

distinguished cases in which the plaintiff alleged a specific factual basis for alleging the foreclosure was not initiated by the correct party. He asserts that *Jenkins* and *Glaski* recognized and interpreted *Gomes* to suggest a borrower may bring a cause of action to enjoin a trustee's sale as long as that party alleges a specific factual basis.

Based on these authorities, Vacarro contends he can amend his operative complaint to state a cause of action for wrongful foreclosure on two grounds: first, that his note and deed of trust were never conveyed or delivered to the trust, which did not succeed to MERS or lender's rights, and second, that the conveyance of the note and deed of trust by the assignment is void. He asserts his allegations suffice by themselves, but if not, the second amended complaint alleges more specifically that the assignment was void because Roldan did not have the authority to assign the note and deed of trust, and the note and deed of trust's conveyance violates the terms of the PSA. He also argues he alleged prejudice by allegations he was denied the opportunity for the true beneficiary to assess and explore options to avoid foreclosure, and he is entitled to that right under Civil Code section 2923.5 et seq. Finally, he maintains that the tender rule—the requirement that a borrower allege he had tendered his debt to the mortgagee (see *Aguilar v. Bocci* (1974) 39 Cal.App.3d 475, 477)—is not applicable to a void foreclosure.

According to Vacarro, because he can allege a cause of action for wrongful foreclosure, that claim provides the basis for his causes of action for declaratory relief, quiet title, and cancellation of instruments.

12

III. *Vacarro Cannot Allege a Specific Factual Basis for and Lacks Standing to Bring a*

*Wrongful Foreclosure Claim*

Vacarro's appeal is resolved by *Gomes*, *supra*, 192 Cal.App.4th 1149 and *Jenkins*, *supra*, 216 Cal.App.4th 497, which we follow. Importantly, Vacarro does not allege that a trustee's sale has taken place; he attaches a copy of the notice of trustee's sale and states the property *will be* sold. Vacarro also sought injunctive relief to "stop Defendants from selling the Property." Thus, Vacarro's lawsuit sets forth *preforeclosure* claims, and as our colleagues in the Second District pointed out, "*Glaski* did not take issue with *Gomes*'s holding that a preforeclosure, preemptive action is not authorized by the nonjudicial foreclosure statutes because it creates an additional requirement that a foreclosing entity first demonstrate in court that it is entitled to foreclose. [Citation.] As explained in *Jenkins* (a case not discussed in the *Glaski* opinion), allowing a plaintiff to assert a preemptive action like the one [Vacarro] proposes 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.' [Citation.] Further, it ' "would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy." ' [Citation.] *Jenkins* involved allegations essentially identical to [Vacarro's] proposed amended allegations— that the subject deed of trust was not assigned to the investment trust prior to its closing date. We agree with *Jenkins* that such allegations do not give rise to a viable preemptive action that overrides California's nonjudicial foreclosure rules." (*Kan v. Guild Mortgage Company*, *supra*, 230 Cal.App.4th at pp. 743-744, citing *Jenkins*, *supra*, 216 Cal.App.4th

13

at pp. 512-513 and *Gomes*, *supra*, 192 Cal.App.4th at p. 1154, fn. 5; see also *Robinson v. Countrywide Home Loans, Inc.* (2011) 199 Cal.App.4th 42, 46.)

Even if *Gomes* suggests a borrower may allege a wrongful foreclosure claim by identifying a specific factual basis for alleging the foreclosure was not initiated by the correct party, we disagree with Vacarro's assertion that he has alleged a specific factual basis to support such a claim. It is insufficient to merely allege the legal conclusion that the assignment was void. His allegations on information and belief based on unspecified internet reports that Roldan was a "robo-signer" without authority are insufficient and conclusory. (See *Gomes*, *supra*, 192 Cal.App.4th at pp. 1158-1159 [" ' "[p]laintiff may allege on information and belief any matters that are not within his personal knowledge, *if he has information leading him to believe that the allegations are true* " ' [citation], and thus a pleading made on information and belief is insufficient if it 'merely assert[s] the facts so alleged without alleging such information that "lead[s] [the plaintiff] to believe that the allegations are true" ' "]; *Cerecedes v. U.S. Bankcorp* (C.D.Cal., July 11, 2011, No. CV 11–219 CAS (FMOx)) [2011 WL 2711071] [robo-signing allegations were insufficient because they were "pled in a conclusory fashion without any factual support"].) They are also contradicted by the notarized assignment attached to the complaint, which identifies Roldan as an assistant secretary to MERS. The notary's acknowledgment is prima facie evidence that Roldan signed the assignment (Evid. Code, § 1451), contradicting Vacarro's allegations. And in reviewing an order sustaining a demurrer, " '[f]acts appearing in exhibits attached to the . . . complaint also are accepted as true and are given precedence, to the extent they contradict the allegations.' " (*Nolte v.*

14

*Cedars-Sinai Medical Center* (2015) 236 Cal.App.4th 1401, 1406.) As defendants point out, Vacarro makes no claim that MERS lacks authority as the lender's nominee to exercise the powers of the lender, and Vacarro's deed of trust expressly provides that MERS has such power. (Accord, *Gomes*, at p. 1158 [plaintiff's agreement that MERS had authority to foreclose precluded him from pursuing a cause of action premised on the allegation that MERS did not have authority to do so].)

To the extent Vacarro's claim is based on allegations that the assignment is void for noncompliance with the PSA, he has no standing to bring it. (*Jenkins*, *supra*, 216 Cal.App.4th at pp. 514-515.) He is not the true victim of any invalid transfer because his obligation to pay his loan is unchanged. (*Id*. at p. 515.) In *Jenkins*, the plaintiff borrower alleged her loan was pooled with other loans in a securitized investment trust without proper compliance with the pooling and servicing agreement. In upholding the trial court's order sustaining a demurrer to a declaratory relief cause of action based on those allegations, the court in *Jenkins* held she lacked standing to challenge the alleged violations of the assignment and pooling and servicing agreements because she was not a party to those agreements: "[E]ven if the asserted improper securitization (or any other invalid assignments or transfers of the promissory note subsequent to [the plaintiff's] execution of the note . . .) occurred, the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note. 'Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations

15

under the note.' [Citation.] As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [*plaintiff* ] *lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions.* [Citation.] [¶] Furthermore, even if any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged. Instead, the true victim may be an individual or entity that believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of its interest in the note. It is also possible to imagine one or many invalid transfers of the promissory note may cause a string of civil lawsuits between transferors and transferees. [Plaintiff], however, may not assume the theoretical claims of hypothetical transferors and transferees . . . .' " (*Jenkins*, *supra*, 216 Cal.App.4th at pp. 514-515, italics added; see also *Herrera v. Federal National Mortgage Assn.*, *supra*, 205 Cal.App.4th at p. 1507; *Arabia v. BAC Home Loans Servicing, L.P.* (2012) 208 Cal.App.4th 462, 473 [addressing on summary judgment review a beneficiary's challenge to BAC Home Loans Servicing, L.P.'s (BAC) judicial foreclosure as in violation of a PSA where the plaintiff was in default on the loan; "if BAC had breached the PSA, then perhaps [Bank of New York] would have a claim against BAC. But it is an unsupported leap of logic that would allow [plaintiff] to use these breaches to challenge BAC's right to initiate a judicial foreclosure"].)[5] Until our Supreme Court holds otherwise, we follow

---

[5] The California Supreme Court has granted review of cases to address the standing

authorities holding that a borrower lacks standing to object to irregularity in a loan's securitization.

## IV. *Vacarro Has Not Alleged Prejudice*

We further conclude Vacarro has not alleged prejudice by his allegations that he was denied an opportunity for the "true beneficiary" to explore options with him to avoid foreclosure by some form of loan modification. He maintains he has a right to this process under Civil Code section 2923.5,[6] but only the trust and its servicer/agent, not

---

issue raised in *Glaski* and *Jenkins*. (*Yvanova v. New Century Mortgage Co.* (2014) 226 Cal.App.4th 495, review granted Aug. 27, 2014, S218973 ["In an action for wrongful foreclosure, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void"]; *Keshtgar v. U.S. Bank, N.A.* (2014) 226 Cal.App.4th 1201, review granted Oct. 1, 2014, S220012; *Mendoza v. JPMorgan Chase, N.A.* (2014) 228 Cal.App.4th 1020, review granted Nov. 12, 2014, S220675.)

[6]     At the time Vacarro's notice of default was recorded, Civil Code section 2923.5 stated in part: "(a)(1) A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g). [¶] (2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD–certified housing counseling agency. Any meeting may occur telephonically. [¶] (b) A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h). [¶] . . . [¶] (g) A notice of default may be filed

the true beneficiary, has contacted him. According to Vacarro, these entities do not have an interest in the note or deed of trust and thus no "financial risk," motivation or authority to work out a resolution, and because different servicers have different programs, he is not able to see if he qualifies for a program offered by the true beneficiary.

A plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to his interests. (*Fontenot v. Wells Fargo Bank*, *supra*, 198 Cal.App.4th at p. 272 [citing cases, including *Knapp v. Doherty* (2004) 123 Cal.App.4th 76 in which no "substantial statutory right" was abridged by a premature mailing of a sale notice and *Lo v. Jensen* (2001) 88 Cal.App.4th 1093, in which collusion resulted in an inadequate sale price].) "Prejudice is not presumed from 'mere irregularities' in the process." (*Fontenot v. Wells Fargo Bank*, at p. 272.) "[Civil Code s]ection 2923.5 provides that a mortgagee, trustee, beneficiary, or authorized agent must contact the borrower 'in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure' or satisfy due diligence requirements before a notice of default is filed. [The statute] does not require the lender to modify the loan. [Citation.] The only remedy for noncompliance with the statute is the postponement of the foreclosure sale." (*Skov v. U.S. Bank Nat. Assn.*, *supra*, 207 Cal.App.4th at pp. 695-696, citing *Mabry v. Superior*

_____

pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." Subdivision (g) of section 2923.5 defines due diligence.

18

*Court* (2010) 185 Cal.App.4th 208, 214; *Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 526 [section 2923.5 "does not—and legally could not—require the lender to modify the loan"].) The notice of default attached to Vacarro's complaint contains a declaration in which a mortgage servicing specialist with Bank of America, N.A., stated he "tried with due diligence to contact the borrower in accordance with Civil Code section 2923.5 . . . ." The Civil Code section 2923.5 declaration "may simply track the statutory language regarding the mortgagee, beneficiary, or authorized agent's efforts to contact the borrower" and need not be signed under penalty of perjury. (*Rossberg*, *supra*, 219 Cal.App.4th at p. 1494, citing *Mabry v. Superior Court*, *supra*, 185 Cal.App.4th at pp. 232-235.)

We disagree that Vacarro's allegations state any sort of prejudice that would support a cause of action for wrongful foreclosure. First, as Wells Fargo points out, section 2923.5 by its plain terms merely requires a mortgage servicer to contact or attempt to contact the borrower, which occurred here as established by the notice of default and attached declaration appended to Vacarro's complaint. There is no requirement that the mortgage servicer have some financial interest or risk in the loan. Thus, with respect to Civil Code section 2923.5, Vacarro cannot allege an irregularity in the foreclosure process, or a violation of a statutory right. (See *Knapp v. Doherty*, *supra*, 123 Cal.App.4th at p. 94 [a trustee's refusal to grant a statutorily mandated postponement of sale, coupled with an inadequate sales price, justified setting aside a trustee's sale].) Second, Vacarro has not alleged any facts to indicate or suggest that the alleged "true beneficiary" would have in fact offered a loan modification. The observation made by

the court in *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 85, is analogous: Vacarro "fail[s] to allege any facts showing that [he] suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process. [He does] not dispute that [he is] in default under the note. The assignment of the deed of trust and the note did not change [Vacarro's] obligations under the note, and there is no reason to believe that . . . the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, [Vacarro has] no standing to complain about any alleged lack of authority or defective assignment." (*Id*. at p. 85.)

In sum, when a borrower is in default and seeks to challenge the foreclosure process by attacking a prior assignment of the deed of trust, he or she must allege particularized prejudice arising from the assignment—either that the allegedly invalid assignment interfered with his or her ability to make loan payments or that the original lender would not have initiated foreclosure proceedings. (See, e.g., *Siliga v. Mortgage Electronic Registration Systems, Inc.*, *supra*, 219 Cal.App.4th at p. 85; *Herrera v. Federal National Mortgage Assn.*, *supra*, 205 Cal.App.4th at pp. 1507-1508; *Fontenot v. Wells Fargo Bank, N.A.*, *supra*, 198 Cal.App.4th at p. 272.) Vacarro does not allege such particularized prejudice here.

V. *Application of the Tender Rule*

To maintain a wrongful foreclosure claim, a plaintiff must allege, inter alia, that he "tendered the amount of the secured indebtedness or were excused from tendering. [Citation.] Recognized exceptions to the tender rule include when (1) the underlying debt

20

is void, (2) the foreclosure sale or trustee's deed is void on its face, (3) a counterclaim offsets the amount due, (4) specific circumstances make it inequitable to enforce the debt against the party challenging the sale, or (5) the foreclosure sale has not yet occurred." (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1062.)  Vacarro claims that because he has pleaded allegations showing any foreclosure sale would be void, he is relieved of any obligation to allege that he tendered his debt.  But his allegations do not indicate a foreclosure sale has occurred, and for that reason, an allegation of tender is not required.  (See *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1280-1281; but see *Sipe v. McKenna* (1948) 88 Cal.App.2d 1001, 1006 ["A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness"].)

To the extent Vacarro seeks to allege a claim for quiet title, however, Vacarro must allege tender.  (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 86 ["A borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based"]; *Shimpones v. Stickney* (1934) 219 Cal. 637, 649.)  Because he has not done so, he cannot allege any such cause of action.

We have rejected all of Vacarro's arguments intended to show why he should have been granted leave to amend to support a new cause of action for wrongful foreclosure. Because he has failed to show that his second amended complaint can be amended to allege a viable cause of action, and he has not discussed the elements or sufficiency of the

21

causes of action for cancellation, declaratory and injunctive relief, violation of the UCL and quiet title already included in the operative pleading, we conclude the trial court did not abuse its discretion when it declined to give him another opportunity to amend his complaint.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McINTYRE, Acting P. J.

PRAGER, J.[*]

---

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.